**Glenn David RHODES, Petitioner–Appellee,**

v.

**Charles D. MARSHALL, Warden, Respondent–Appellant.**

No. 00–16797.

D.C. No. CV–94–00768–MMC.

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2001.*

Decided June 21, 2001.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN, SILVERMAN and GOULD, Circuit Judges.

MEMORANDUM **

California state prisoner Glenn David Rhodes appeals from the district court's denial of his pre-AEDPA § 2554 habeas petition challenging his convictions for 6

counts of lewd and lascivious acts with a child under the age of 14 years. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.[1]

Rhodes first contends that his Sixth and Fourteenth Amendment rights to trial by jury were violated because his conviction on count 6 of the amended information was predicated "on a factual basis not presented to the jury." Essentially, Rhodes argues that count 2 of the amended information, and count 6 twice charged the same acts for the same crime. We disagree.

The Sixth Amendment requires that a jury find a defendant guilty of all elements of the crime with which he is charged, see *United States v. Gaudin*, 515 U.S. 506, 511, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995), and the jury's findings must be based upon the evidence submitted at trial, *Jeffries v. Wood*, 114 F.3d 1484, 1490 (9th Cir.1997). Because the record shows that sufficient evidence was presented at trial to allow the jury to find Rhodes guilty of each element necessary for conviction on two separate counts of lewd acts with a child under 14 that involved genital to genital contact, the district court correctly determined no Sixth Amendment violation occurred. *See Gaudin*, 515 U.S. at 511; *People v. Jones*, 51 Cal.3d 294, 315–16, 270 Cal.Rptr. 611, 792 P.2d 643 (1990)(holding that under California law, the particular details surrounding a child molestation charge are not elements of the offense, and are unnecessary to sustain a conviction).[2]

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Rhodes filed his original habeas petition prior to the effective date of the Antiterrorism and Effective Death Penalty Act of 1996. Accordingly, we do not apply its provisions in our review. *See Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

2. To the extent Rhodes bases his contention on statements made during the prosecutor's closing argument, we find his assertions unpersuasive. The jury was specifically instructed that statements made by the attorneys were not evidence, and that they were to decide all questions of fact from the evidence presented at trial. *See Aguilar v. Alexander*, 125 F.3d 815, 820 (9th Cir.1997) (holding that "Juries are presumed to follow the court's instructions").

Rhodes also contends that his federal constitutional rights to confront witnesses and present a defense were violated when the state trial court refused to admit evidence that the victim had previously claimed to have suffered sexual abuse. To the extent this issue is cognizable on federal habeas review, we find this contention unpersuasive, because Rhodes has failed to demonstrate that this evidentiary ruling rendered his trial so fundamentally unfair as to violate due process. *See Estelle v. McGuire*, 502 U.S. 62, 72–73, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

When determining whether a claim that the exclusion of evidence denied a defendant of his right to due process, a reviewing court must determine whether the evidence had probative value as to the central issue. *See Walters v. McCormick*, 122 F.3d 1172, 1177 (9th Cir.1997); *Wood v. Alaska*, 957 F.2d 1544, 1549 (9th Cir. 1992) (holding that the right to present relevant testimony may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process).

Although evidence of the victim's prior allegations of sexual abuse here may have been relevant to the issue of her credibility, it had minimal probative value due to the fact that the prior allegations of sexual abuse were distinctly dissimilar to those at issue in Rhodes's case. Moreover, any probative value was undermined by the prosecution's proffer of medical reports showing that injuries consistent with the victim's testimony were not present following her prior allegations of abuse. Because the disputed evidence was of minimal probative value, and was highly prejudicial, we determine that its exclusion did not render Rhodes's trial fundamentally unfair, and that no due

process violation occurred. *See Estelle*, 502 U.S. at 72–73. The district court therefore properly denied Rhodes's federal habeas petition as to this issue.

AFFIRMED.